UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO.: 5:08-CV-212-TBR

NANCY FAULKNER, Individually and as
Administratrix of the Estate of
ROBERT DAVID FAULKNER, deceased                                                  PLAINTIFF

v.

ABB, INC.                                                                         DEFENDANT

**OPINION AND ORDER**

This matter comes before the Court on Plaintiff's Motion to Remand (Docket #9). Defendant has responded (Docket #10). Plaintiff has replied (Docket #11). This matter is now ripe for adjudication. For the reasons that follow, Plaintiff's Motion to Remand is DENIED.

Plaintiff filed the present products liability and negligence action in Marshall Circuit Court on October 17, 2008. Defendant was not served the complaint until December 8, 2008. On December 24, 2008, Defendant moved the state court for an enlargement of time or, in the alternative, to dismiss the action. Defendant's motion requested additional time to file an answer due to both the holiday season and Defendant's uncertainty as to who represented Plaintiff (so that a joint motion could be filed) or, in the alternative, for the court to dismiss the action as time barred under "the appropriate statute of limitations." Thereafter, on December 29, 2008, Defendant filed its notice of removal to federal court on the basis of diversity jurisdiction. 28 U.S.C. § 1332(a). Plaintiff now moves the Court to remand the present action, arguing that Defendant waived its right of removal when it filed a motion to dismiss in state court before seeking removal to federal court.

A defendant in state court can seek removal of a case to federal court pursuant to 28 U.S.C. § 1446(a). Following the filing of a notice of removal, a plaintiff may move to remand

the case "on the basis of any defect other than lack of subject matter jurisdiction" within thirty days.  28 U.S.C. § 1447(c).

The Sixth Circuit has yet to consider the issue of whether a defendant's actions in state court can constitute a waiver of his removal right and amount to a defect that falls within the parameters of § 1447(c).  *See Ohio ex rel. Petro v. Bulgartabac Holding Group*, 167 Fed. App'x 512, 514-15 (6th Cir. 2006) (declining to address the waiver issue and dismissing on other grounds).  However, other circuit courts have concluded that a defendant's waiver, also known as litigating on the merits, does constitute a defect in removal.  *See Yusefzadeh v. Nelson, Mullins, Riley & Scarborough, LLP*, 365 F.3d 1244, 1246 (11th Cir. 2004) ("One such defect [under § 1447(c)], commonly referred to as litigating on the merits, effectively waives the defendant's right to remove a state court action to the federal court."); *Brown v. Demco, Inc.*, 792 F.2d 478, 481 (5th Cir. 1986) ("Even a defendant who petitions timely may have waived its right to removal by proceeding to defend the action in state court or otherwise invoking the processes of that court.").

Having reviewed the applicable law, the Court finds that Defendant did not waive his right of removal by filing a dispositive motion in state court prior to moving for removal to federal court.  The Court reaches this conclusion for two reasons.  First, under the Kentucky Rules of Civil Procedure, a defendant has twenty days after being served with the complaint to file responsive pleadings and, in all but a few limited exceptions, every defense to a claim for relief must be asserted in those responsive pleadings.  Ky. R. Civ. Pro. 12.01, 12.02.  These requirements are likely to put a defendant in the precarious position of needing to file some form of responsive pleadings in state court prior to seeking removal.  Second, Federal Rule of Civil

Procedure 81(c) contemplates the filing of dispositive motions prior to removal. Fed. R. Civ. Pro. 81(c)(2) (requiring a defendant who did not present defenses in state court prior to removal to do so within a certain period of time). These rules of procedure demonstrate the practicality that a defendant will often conclude it necessary to take some form of action in state court prior to seeking removal to federal court.

Defendant did schedule a hearing in state court on the motion in this case. However, the hearing never took place and the state court never ruled on the motion prior to removal. Furthermore, scheduling the hearing was a procedural necessity, not a substantive defensive action. Ky. R. Civ. Pro. 12.04 (stating that all defenses brought pursuant to rule 12.02 shall be set for a preliminary hearing). For these reasons, the Court finds that Defendant did not waive his right of removal to federal court by first filing a motion in state court.

## CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand is **DENIED**.