**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**PADUCAH DIVISION**
**CASE NO.: 5:08-CV-00212-TBR**

**NANCY FAULKNER, Individually and as Administratrix**
**of the Estate of ROBERT DAVID FAULKNER deceased**         **PLAINTIFF**

**v.**

**ABB, INC.**                                              **DEFENDANT/THIRD-PARTY PLAINTIFF**

**v.**

**ARKEMA, INC**                                            **THIRD-PARTY DEFENDANT**

## MEMORANDUM OPINION

This matter is before the Court upon Third-Party Defendant, Arkema, Inc.'s ("Arkema"), Motion for Judgment on the Pleadings (Docket #31).  The Defendant/Third-Party Plaintiff, ABB, Inc. ("ABB"), has filed a response (Docket #34).  The Third-Party Defendant has replied (Docket #36).  This matter is now ripe for adjudication.  For the reasons that follow, the Third-Party Defendant's Motion for Judgment on the Pleadings is GRANTED.

## BACKGROUND

Arkema operates a chemical plant in Calvert City, Kentucky.  The decedent, Robert Faulkner, was employed at this plant and died there on October 30, 2007.  The cause of death was asphyxiation related to contact with certain gases.  Pursuant to the Kentucky Office of Workers' Claims Agreement as to Compensation and Order Approving Settlement, Faulkner's Estate received $87,743.37 from Arkema's workers compensation insurance carrier, Crawford & Company.  Nancy Faulkner also received $55,360.73 pursuant to this Agreement.  In return, both Ms. Faulkner and the Estate waived any and all of thier rights to past and future income benefits from Arkema. Arkema has therefore fully paid and satisfied its workers' compensation obligations to the Plaintiffs.

Ms. Faulkner and the Estate brought suit against ABB on October 17, 2008, in Marshall County Circuit Court. The Complaint alleged strict liability, negligence, breach of the implied warranty of merchantability, punitive damages and loss of consortium. They allege Faulkner was exposed to asphyxiating gases while working in an Analyzer Building which was manufactured by ABB. This case was removed to this Court December 29, 2008, by ABB.

ABB then filed a Third-Party Complaint against Arkema on June 30, 2009. The Third-Party Complaint alleged negligence and sought apportionment, contribution, and indemnification from Arkema. Arkema now moves for dismissal of the Third-Party Complaint with prejudice.

## STANDARD

After the pleadings are closed, a party may move for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). "For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 582 (6th Cir. 2007) (quoting *Southern Ohio Bank v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 479 F.2d 478, 480 (6th Cir.1973)). While the allegations of the complaint are the primary focus in assessing a Rule 12(c) motion, "matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint[ ] also may be taken into account." *Barany-Snyder v. Weiner*, 539 F.3d 327, 332 (6th Cir. 2008) (quoting *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001)). Legal conclusions and unwarranted factual inferences need not be accepted as true. *JPMorgan*, 510 F.3d at 582 (citing *Mixon v. Ohio*, 193 F.3d 389, 400 (6th Cir. 1999)). "A Rule 12(c) motion 'is granted when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of

law.'" *Id.* (quoting *Paskvan v. City of Cleveland Civil Serv. Comm'n*, 946 F.2d 1233, 1235 (6th Cir.1991)).

## DISCUSSION

Arkema asserts that it should be dismissed from this case because its liability is limited to the amount it has already paid to the Plaintiffs via workers compensation and ABB will not be able to obtain additional monies from Arkema for its negligence claim.  Arkema asserts ABB is entitled to an apportionment instruction only. Arkema stated that regardless of whether it is a party to this case damages may be apportioned against it.  ABB agrees that Arkema need not be a party in order for damages to be apportioned to it.  The Court finds that while ABB is entitled to apportionment, Arkema need not be a party to the action in order for fault to be apportioned and, therefore, Arkema may be dismissed if there are no other claims against it.  *See Dix & Assoc. Pipeline Contractors, Inc. v. Key*, 799 S.W.2d 24, 28-29 (Ky. 1990); *Adams v. J.B. Hunt Transp., Inc.*, 130 F.3d 219, 228 (6th Cir. 1997).

Additionally, Arkema asserts that ABB had no right of contribution against them.  ABB did not address this argument in its response and the Court finds that this claim has been conceded so that the claim for contribution is dismissed.  The Court finds that even if this point had not been conceded, under Kentucky law a contribution claim does not exist where an employer has already met its obligations under the Workers' Compensation Act.  *Dix & Assoc. Pipeline Contractors, Inc. v. Key*, 799 S.W.2d 24, 28 (Ky. 1990).  The court explained,  "workers compensation coverage constitutes a settlement between the employee and the employer whereby the employee settles his tort claim for the amount he will receive as compensation." *Id.* at 29.  In *Hilen v. Hays*, the Kentucky Supreme Court adopted comparative negligence and apportionment of damages in tort actions while

3

rejecting contributory negligence. 673 S.W.2d 713, 720 (Ky. 1984). Thus, in *Dix*, the court held that apportionment of fault was appropriate among joint tortfeasors, but that since the workers' compensation obligation had been fully paid, the tortfeasor who had settled owed no further obligation and there was, therefore, no valid claim for contribution against that party. 799 S.W.2d at 29-30.

As to the claim for indemnity, Arkema asserts the claim fails because the amount of the claim is limited to the amount of workers' compensation benefits which have already been paid in this case. ABB argues that Kentucky law permits a claim for indemnity and therefore Arkema must remain a party to this action.

"A claim for indemnity is 'one in which the claimant seeks restitution for damages it was required to pay for injuries sustained by another and which were entirely or primarily caused by the party against whom indemnity is sought.'"*Franke v. Ford Motor Company*, 398 F.Supp.2d 833, 840 (W.D.Ky. 2005)(citing *Degener v. Hall Contracting Corp.*, 27 S.W.3d 775 (Ky. 2000)). "'Indemnity . . . applies where 'both parties have been in fault, but not in the same fault, towards the party injured, and the fault of the party from whom indemnity is claimed was the primary and efficient cause of the injury.' *Asher v. Unarco Material Handling, Inc.*, No. 6:06-548, 2007 WL 3046064, \*2 (E.D.Ky. Oct. 16, 2007). Despite adoption of comparative fault and exclusive remedy provisions of the Workers' Compensation Act, Kentucky law permits common law indemnity claims against employers. *Franke*, 398 F.Supp 2d at 840. However, the Workers' Compensation Act "limits an employer's liability to indemnify a third-party tortfeasor to the amount of workers' compensation benefits that the employer must pay." *Labor Ready, Inc. v. Johnston*, 289 S.W.3d 200, 208 (Ky. 2009); *Union Carbide Corp. v. Sweco, Inc.*, 610 S.W.2d 932, 934 (Ky. App. 1980)(holding "an

examination of KRS 342.690 reveals that the legislature did not seek to abolish indemnity actions but sought to limit the amount of recovery over against the employer. The statute states that an employer's liability to a third party indemnitee is limited to the amount paid under the Workers' Compensation Act.").

In this case, it appears there is a claim for indemnity; however, that claim is futile since it is limited by Kentucky statute to the amount of workers' compensation benefits which have already been paid by Arkema. Arkema's liability is limited solely to what it has already paid the Plaintiffs, and, as such, ABB can have no successful claim against Arkema. The Court finds this claim should be dismissed.

The Court finds that all claims against Third-Party Defendant Arkema are dismissed. This does not alter the fact that there shall be an apportionment of fault under KRS 411.182. Arkema, as stated, need not be a party to this action in order for fault to be apportioned.

## CONCLUSION

For the foregoing reasons, all of the Third-Party Plaintiff's claims against Third-Party Defendant Arkema are DISMISSED and the Defendant's Motion for Judgment on the Pleadings is GRANTED.

An appropriate order shall issue.