UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:08CV-212-R

NANCY FAULKNER                                                              PLAINTIFF

*Individually and as Administratix*
*Of the Estate of Robert Faulkner*

V.

ABB INC., et al.                                                            DEFENDANT

## MEMORANDUM OPINION AND ORDER

A motion is before the Court to dismiss the recently joined Defendants, Morsey Constructors, LLC, Apex Engineering, Inc., and Riley Electric Company, Inc., for fraudulent joinder due to a failure to add said Defendants within the statute of limitations. This Court, being sufficiently advised, DISMISSES the above mentioned Defendants. Accordingly, the only remaining Defendant will be ABB Inc. Because the joined Defendants must be dismissed, all of the pending motions are DISMISSED as MOOT (DN 59, 63, 64, 65).

## BACKGROUND

Arkema operates a chemical plant in Calvert City, Kentucky. The decedent, Robert Faulkner, was employed at this plant and died there on October 30, 2007. The cause of death was asphyxiation related to contact with certain gases. Ms. Faulkner's claims against Arkema were handled via workers compensation

Ms. Faulkner and the Estate brought suit against ABB on October 17, 2008, in Marshall County Circuit Court. The Complaint alleged strict liability, negligence, breach of the implied warranty of merchantability, punitive damages and loss of consortium. They allege Faulkner was exposed to asphyxiating gases while working in an Analyzer Building which was manufactured by

ABB. This case was removed to this Court December 29, 2008, by ABB.

On December 15, 2010, Ms. Faulkner filed an amended complaint joining as defendants Apex Engineering, Inc., Riley Electric Company, Inc., and Morsey Constructors, LLC.

**STANDARD**

When an action is removed on the basis of diversity, a court must determine whether "all parties on one side of the litigation are of a different citizenship from all parties on the other side of the litigation." *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 492 (6th Cir. 1999) (citation omitted). The "party seeking to bring a case into federal court carries the burden of establishing diversity jurisdiction." *Id.* at 493 (citation omitted). Moreover, "fraudulent joinder of non-diverse defendants will not defeat removal on diversity grounds." *Id.* In the Sixth Circuit, the test for fraudulent joinder is applicable in three situations: (1) where there is no colorable basis for a claim against the nondiverse defendant; (2) when a plaintiff engages in outright fraud in pleading jurisdiction allegations; and (3) when a plaintiff joins a defendant who does not share joint, several, or alternative liability with a diverse defendant, nor a nexus of connectivity between the claims. *Jerome-Duncan, Inc. v. Auto-by-Tel, LLC*, 176 F.3d 904 (6th Cir. 1999). Finally, "all doubts as to the propriety of removal are resolved in favor of remand." *Coyne*, 183 F.3d at 492.

**DISCUSSION**

The only basis of fraudulent joinder alleged in the current case is that there is no colorable claim against the defendants joined on December 15, 2010. The parties state that there is no colorable claim against those defendants because the statute of limitations ran on all claims Plaintiff can assert against those defendants.

The parties agree that the causes of action in the instant case are governed by one-year

2

statutes of limitations. The Defendants accordingly argue that the three recently joined Defendants were not joined within the required time frame.[1] Since Plaintiff has made no argument that the amended complaint relates back to the original complaint for purposes of the joined parties, the only issue is whether the statutes of limitations were tolled.

Plaintiff argues that the statutes of limitations were tolled by Plaintiff's inability to discover the role played by the recently joined Defendants until a time within one-year of their filing of the amended complaint. Defendants argue that Plaintiffs are incorrectly applying the so-called "Discovery Rule" and the amended complaint including the recently joined Defendants must fail.

In Kentucky, the discovery rule can toll a statute of limitations. The Kentucky Supreme Court has defined the discovery rule as follows: "A cause of action will not accrue under the discovery rule until the plaintiff discovers or in the exercise of reasonable diligence should have discovered not only that he has been injured but also that his injury may have been caused by the defendant's conduct." *Louisville Trust Co. v. Johns-Manville Prods. Corp.*, 580 S.W.2d 497, 501 (Ky. 1979) (internal quotations omitted). Using this definition of the rule, two things are required for a claim to accrue: (1) the plaintiff must discover or in the exercise of reasonable diligence should have discovered an injury; and (2) the plaintiff must discover or in the exercise of reasonable diligence should have discovered that the defendant has some causal connection to the plaintiff's injury. The discovery rule generally deals with some latent defect - such as a disease or medical malpractice - and was developed because an "injured party should be allowed to have his day in court when his injury was of an inherently unknowable nature." *Id.* (internal quotations omitted).

---

[1] The injury occurred on October 30, 2007. The initial complaint was filed on October 17, 2008. The amended complaint was filed on December 15, 2010 - well beyond the one year statute of limitations.

The discovery rule has also been extended to situations where defendants actively obscure their involvement in a case by concealment or false representations. *Fluke Corp. v. LeMaster*, 306 S.W.3d 55, 67 (Ky. 2010).

In the current case, the injury was not latent - Plaintiff's husband was subject to an oxygen-deficient environment and lost his life. Similarly, the causal connection in this case between the injury and the cause of the injury is also not latent - Plaintiff has long known that being subject to the oxygen-deficient environment resulted in her husband's death.[2] Accordingly, it does not seem appropriate to apply the discovery rule in this case.

Plaintiff argues, however, that they were unable to uncover the causal connection between the injury and the recently joined Defendants. Such an inability, they argue, is an appropriate application of the discovery rule, per the second requirement discussed above, and tolls the statute of limitations. Plaintiff states, without support, that she "did not and could not have known that parties other [than] ABB and Arkema may share in the liability for Faulker's death." *Plaintiff's Response Brief*, DN. 67, pg. 9. Plaintiff, however, did not have an issue identifying the causal connection between the injury and the negligence, as required to apply the discovery rule, but rather had an issue identifying particular defendants that may share in responsibility for the negligence. Such a situation is not covered by the discovery rule.

As an initial matter, Plaintiff offers no explanation as to why she "could not have known" that other parties might have been involved prior to the date she actually discovered such

---

[2]This alone may be enough to forego use of the discovery rule, as the Kentucky Supreme Court has explicitly stated that it refuses "to extend application of the discovery rule to cases not involving latent injuries, latent illnesses, or professional malpractice . . ." *LeMaster*, 306 S.W.3d at 56.

information. To the contrary, Plaintiff discovered that other parties were involved through the normal course of her investigation. No Defendant attempted to hide their involvement or another Defendant's involvement. Accordingly, there is no reason to assume that more diligent investigation would not have resulted in discovery of this information prior to the statute of limitations running.

Kentucky case law also stands opposed to Plaintiff's position. In *LeMasters*, the Supreme Court stated that the discovery rule is "available only in cases where the fact of injury or offending instrumentality is not immediately evident or discoverable with the exercise of reasonable diligence . . ." 306 S.W.3d at 60. Plaintiff has offered no evidence as to why, with the exercise of reasonable diligence, the recently joined Defendants could not have been discovered prior to the statute of limitations running. A suspicion of wrongdoing should "reasonably prompt[ ] the [plaintiff's] own prompt, independent investigation." *Id.* at 61. Given that Plaintiff was aware of the injury and the cause of the injury from the outset of this case, Plaintiff should have conducted a prompt, independent investigation into all parties involved in the construction of the defective unit. Apparently, no such investigation occurred.

Even more damaging, however, is *Combs v. Albert Kahn & Assocs., Inc.*, 183 S.W.3d 190 (Ky. App. 2006). The facts of that case are almost directly on point.[3] In that case, the plaintiff sued after her husband died as a result of asbestos exposure. After the applicable statute of limitations, the plaintiff tried to join additional defendants because she was previously unaware that they may have played a role in her husband's death. In response, the court stated:

> Even if the [plaintiffs] did not have actual knowledge of [the joined

---

[3]Interestingly, Plaintiff failed to even mention this case. Given that one of the attorneys representing the instant Plaintiff also represented Ms. Combs, Plaintiff was surely aware of the adverse authority.

> defendant's] roles until [a date after the statute of limitations,] they have offered no reason why they could not have discovered this information sooner with reasonable diligence. The discovery rule does not operate to toll the statute of limitations to allow an injured plaintiff to discover the identity of the wrongdoer unless there is fraudulent concealment or a misrepresentation by the defendant of his role in causing the plaintiff's injuries. A person who knows he has been injured has a duty to investigate and discover the identity of the tortfeasor within the statutory time constraints. The [plaintiffs] have not shown that this information was unavailable or concealed.

*Id.* at 199. *Accord, e.g.*, *Queensway Fin. Holdings Ltd. v. Cotton & Allen, P.S.C.*, 237 S.W.3d 141, 151 (Ky. 2007) ("Had [plaintiff] exercised reasonable diligence, it would have taken some steps, upon notice of the [injury] to discover the source of the injury."); *McLain v. Dana Corp.*, 16 S.W.3d 320, 326 (Ky. App. 1999) ("The discovery rule does not operate to toll the statute of limitations to allow an injured plaintiff to discover the identity of the wrongdoer unless there is a fraudulent concealment or a misrepresentation by the defendant of his role in causing the plaintiff's injuries."); *Reese v. Gen. American Door Co.*, 6 S.W.3d 380, 383 (Ky. App. 1998) ("The plaintiff's mere failure to locate or identify potential defendants does not excuse his or her untimeliness."). Plaintiff has alleged no fraud or misrepresentation. The injury and cause of the injury were both clear. Accordingly, Plaintiff's attempt to apply the discovery rule must fail.

Plaintiff cites *Dawson v. Bristol Laboratories*, 658 F.Supp. 1036 (W.D.Ky. 1987), in support of her position. In *Dawson*, the court allowed for the application of the discovery rule when the plaintiffs were unaware of a causal connection between the alleged tortfeasor and their injury. *Id.* at 1041. *Dawson* does not stand for the proposition that the discovery rule applies to allow a plaintiff time to discovery the *identity* of an alleged tortfeasor, as suggested by Plaintiff; rather, "whether or not the plaintiff in such an action should have known that his injury was the result of someone's negligence [and therefore allowing use of the discovery rule] is a question of fact to be

6

decided by a jury." *Id.*[4] In the current case, it is clear that the injury was a result of negligence. Accordingly, Plaintiff had a duty to investigate and name defendants within the one-year statute of limitations.

## CONCLUSION

For the foregoing reasons, all of the recently joined Defendants - Riley Electric Company, Inc., Morsey Constructors, LLC, and Apex Engineering, Inc., are DISMISSED from this case. As a result, the only remaining parties are Nancy Faulkner, in her official and individual capacity, and ABB Inc. Remand is inappropriate for the reasons stated in this Court's previous memorandum discussing the issue. An extension of time for discovery and expert disclosures is no longer necessary. The motion to stay is no longer necessary. Accordingly, all pending motions are DENIED as MOOT (DN 59, 63, 64, 65).

Additionally, in light of this opinion, no hearing is required. Accordingly, the motion for a hearing is DENIED (DN 71).

IT IS SO ORDERED.

---

[4] In *Dawson*, the plaintiffs took a drug and suffered an injury shortly thereafter. It was not until years later, however, that the plaintiffs learned that the injury and the drug were causally related. *Dawson* is clearly different from the current case, however, where causation was apparent but the appropriate defendants were unclear.